UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

ROBERT REDMOND,                                )
                                               )
          Plaintiff,                           )
                                               )
v.                                             )        Case No. 26-CV-0197-CVE-SH
                                               )
PROGRESSIVE DIRECT INSURANCE                   )
COMPANY and MARTIKA STONE,                     )
                                               )
          Defendants.                          )

**OPINION AND ORDER**

Now before the Court is Plaintiff's Motion to Remand to State Court (Dkt. # 14). Defendant

Progressive Direct Insurance Company (Progressive) removed this case to federal court on the basis

of diversity jurisdiction, even though plaintiff Robert Redmond and defendant Martika Stone are

both citizens of Oklahoma. Progressive argues that plaintiff alleged a fraud claim against Stone, an

adjuster employed by Progressive, solely for the purpose of defeating diversity jurisdiction. Plaintiff

has filed a motion asking the Court to remand this case to state court, because Progressive has not

shown that it would be "impossible" for him to recover against Stone. Plaintiff contends that Stone

made false and misleading statements about the status of his claim and the resulting investigation,

and he has alleged a potentially viable fraud claim against Stone.

Plaintiff procured an automobile insurance policy from Progressive, and he made monthly

payments pursuant to an automated payment system. Dkt. # 2-1, at 2. Plaintiff states that he had not

missed a payment until November 2025, when he alleges that a payment failed to go through due to

a "glitch in Progressive's online systems." Id. On November 21, 2025, plaintiff logged in to his

Progressive account after receiving notice that he failed to make his November 2025 payment, and

he selected on option of paying the past due balance of $135.52. Id. Plaintiff denies that he was

informed that he needed to pay a renewal payment to keep his policy active after November 21, 2025, and did not make a renewal payment at that time.  On November 22, 2025, plaintiff was involved in a multi-car accident on Interstate 44, and he logged in to his Progressive account while he was waiting for law enforcement officers to arrive.  Id. at 3.  Plaintiff learned that his automobile insurance policy had "expired," and he made a renewal payment while he was still at the scene of the accident.  Id.

Plaintiff alleges that he subsequently filed a claim with Progressive for coverage under his automobile insurance policy, although the petition fails to specify a more precise date for the claim.  Id. On November 22, 2025, Progressive sent plaintiff a modified insurance policy stating that plaintiff's coverage would begin at 12:01 a.m. on November 23, 2025.  Id. at 4.  Plaintiff received a letter from Progressive on November 26, 2025 advising him that Progressive was handling the insurance claim under a reservation of rights, because it appeared that plaintiff's automobile insurance policy was not in force when the accident occurred on November 22, 2025.  Id.  Plaintiff's claim was assigned to Martika Stone, an adjuster employed by Progressive, and Stone told plaintiff that his policy lapsed when he failed to make a renewal payment on or before November 21, 2025.  Id.  During a conversation on December 5, 2025, Stone allegedly told plaintiff that Progressive was investigating coverage and liability simultaneously and "coverage and liability go hand in hand."  Id. at 5.  Progressive subsequently denied plaintiff's insurance claim due the non-existence of coverage on November 22, 2025, and Stone allegedly told plaintiff that liability played no role in the coverage determination.  Id.  Plaintiff has made no allegations that Stone acted outside of her capacity as an employee of Progressive.

On February 19, 2026, plaintiff filed this case in Tulsa County District Court alleging a claim of breach of the covenant of good faith and fair dealing (bad faith) against Progressive and a fraud claim against Stone. Progressive alleges that it is a foreign insurance company with its principal place of business in Ohio. Dkt. # 2, at 3. Plaintiff alleges that Stone is a citizen of Oklahoma for the purpose of diversity jurisdiction. Dkt. # 2-1, at 1. Progressive removed the case to this Court on the basis of diversity jurisdiction, even though the named parties are not completely diverse, because defendant asserts that plaintiff fraudulently joined Stone as a party for the sole purpose of defeating diversity jurisdiction. Plaintiff has filed a motion to remand the case to state court, because plaintiff can establish that he has some possibility of prevailing against Stone in state court. Dkt. # 14.

Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction. Merida Delgado v. Gonzales, 428 F.3d 916, 919 (10th Cir. 2005); Penteco Corp. Ltd. Partnership--1985A v. Union Gas System, Inc., 929 F.2d 1519, 1521 (10th Cir. 1991). "It is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role as limited tribunals." Pritchett v. Office Depot, Inc., 420 F.3d 1090, 1095 (10th Cir. 2005). The party invoking federal jurisdiction has the burden to allege jurisdictional facts demonstrating the presence of federal subject matter jurisdiction. McNutt v. General Motors Acceptance Corp. of Indiana, Inc., 298 U.S. 178, 182 (1936) ("It is incumbent upon the plaintiff properly to allege the jurisdictional facts, according to the nature of the case"); Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction"). "The Court resolves doubtful cases in favor of remand." McDonald v. CSAA Ins. Exch., 2017 WL

887108, *2 (W.D. Okla. Mar. 6, 2017) (citing Fajen v. Found. Reserve Ins. Co., 683 F.2d 331, 333 (10th Cir. 1982)).

A defendant may remove a case to federal court if the case is one over "which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1332, federal courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." The Supreme Court has construed § 1332 to require complete diversity, and the "plaintiff must meet the requirements of the diversity statute for *each* defendant . . . ." Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 829 (1989) (emphasis in original). The Supreme Court has recognized that a defendant's "right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy." Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921). A defendant can prove fraudulent joinder by showing that either: (1) plaintiff's jurisdictional factual allegations are fraudulent and made in bad faith; or (2) plaintiff has no possibility of recovery against the non-diverse defendant. DeSmet v. CSAA Ins. Exch., 2019 WL 7284769, *2 (N.D. Okla. Dec. 27, 2019) (citing Slover v. Equitable Variable Life Ins. Co., 443 F. Supp. 2d 1272, 1279 (N.D. Okla. 2006)). If a defendant can show that all non-diverse defendants were fraudulently joined, the remaining parties will be completely diverse and the federal court has subject matter jurisdiction. See American Nat. Bank & Trust Co. of Sapulpa, v. Bic Corp., 931 F.2d 1411, 1412 (10th Cir. 1991) ("If, as defendant suggests, plaintiffs joined the Oklahoma residents without good faith, defendant may remove on the grounds of fraudulent joinder.").

"The burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one." Hart v. Bayer Corp., 199 F.3d 239, 246 (5th Cir. 2000) (quoting B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981)).  When a defendant raises specific allegations of fraudulent joinder, the Court may pierce the pleadings to evaluate the defendant's argument. Smoot v. Chicago, Rock Island & Pac. R.R. Co., 378 F.2d 879, 881-82 (10th Cir. 1967); Dodd v. Fawcett Publications, Inc., 329 F.2d 82, 85 (10th Cir. 1964).  "After resolving disputed questions of fact and ambiguities in favor of the plaintiffs, the court then determines whether they have 'any possibility of recovery against the party whose joinder is questioned.'" Asbury v. N. Star Mut. Ins. Co., 2015 WL 588607, *1 (W.D. Okla. Feb. 11, 2015) (quoting Montano v. Allstate Indem., 211 F.3d 1278, 2000 WL 525592, *1 (10th Cir. Apr. 14, 2000)).  "[T]he court must decide whether there is a reasonable basis to believe the plaintiff might succeed in at least one claim against the non-diverse defendant." Nerad v. AstraZeneca Pharms., Inc., 203 F. App'x 911, 913 (10th Cir. 2006).[1]  "A 'reasonable basis' means just that: the claim need not be a sure-thing, but it must have a basis in the alleged facts and the applicable law." Id.  Although the Court can pierce the pleadings, "[t]his does not mean that the federal court will pre-try, as a matter of course, doubtful issues of fact to determine removability; the issue must be capable of summary determination and be proven with complete certainty." Smoot, 378 F.2d at 882.

Plaintiff has alleged a fraud claim against Stone, and this claim is governed by the substantive law of Oklahoma. Gasperini v. Center for Humanities, Inc., 518 U.S. 415, 427 (1996) ("Under the Erie doctrine, federal courts sitting in diversity apply state substantive law and federal procedural

---

[1]     Unpublished decisions are not precedential, but they may be cited for their persuasive value. See FED. R. APP. 32.1; 10TH CIR. R. 32.1.

law"). Under Oklahoma law, a plaintiff must prove by clear and convincing evidence four elements to prevail on a claim of fraud: "(1) a false misrepresentation of a material fact, (2) made as a positive assertion either known to be false or recklessly made without knowledge of the truth, (3) made with the intention of causing the other party to act, and (4) which is relied on by the other party to his or her own detriment." Gish v. ECI Servs. of Oklahoma, Inc., 162 P.3d 223, 228 (Okla. Civ. App. 2006). Constructive fraud, as opposed to actual fraud, is "a breach of legal or equitable duty to the detriment of another, which does not necessarily involve any moral guilt, intent to deceive, or actual dishonesty of purpose." Croslin v. Enerlex, Inc., 308 P.3d 1041, 1046 (Okla. 2013). A claim of constructive fraud may be based on a negligent or innocent misrepresentation when there is an underlying duty to correctly inform another person of certain facts. Id.

The Court has reviewed plaintiff's motion to remand and finds that he has clearly joined Stone as a party in an obvious attempt to avoid federal jurisdiction. Plaintiff's petition plainly alleges that Stone is an employee of Progressive and at all times relevant to his insurance claim Stone interacted with plaintiff within the scope of her employment. Plaintiff cites Bane v. Anderson, Bryant & Co., 786 P.2d 1230 (Okla. 1989), for the proposition that an agent or employee can sometimes be independently liable to a plaintiff along with his or her employer. Dkt. # 17, at 3. However, plaintiff ignores a key part of the rule established in Bane, which is that the employee can be subject to individual liability if, "acting within the scope of his authority in the pursuit of a lawful purpose, [the employee] steps aside to engage in a tortious act to the injury of property or personal rights of another . . . ." Id. at 1234. Plaintiff's petition contain no allegations suggesting that Stone "stepped aside" or acted outside of her capacity as an insurance adjuster for Progressive. Instead, plaintiff clearly alleges that Stone was acting in concert with Progressive to deny his insurance claim

and dissuade him from challenging Progressive's decision that plaintiff's insurance policy had lapsed on the day of the accident. Dkt. # 2-1, at 4-6. Another way of restating plaintiff's allegations is simply that Stone acted within the scope of her employment during all of her interactions with plaintiff, and plaintiff has not alleged any independent injury caused by Stone that is not attributable to Progressive's denial of insurance coverage. See Tyree v. Cornman, 453 P.3d 497, 504 (Okla. Civ. App. 2019). Plaintiff may be correct that there are some circumstances under which an insurance adjuster may be liable to an insured if the adjuster acts outside the scope of her authority or assumes an independent duty to the insured, but this is not such a case and plaintiff has no possibility of recovering against Stone. Plaintiff's motion to remand is denied and the Court will retain jurisdiction over this case.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand to State Court (Dkt. # 14) is **denied**.

**DATED** this 2nd day of July, 2026.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE